# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BILL SIMMONS,
    Plaintiff,

    *v.*

LAURA MISER,
    Defendant.

Case No. 25-cv-01235-AWM-BGS

## MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge Brooks G. Severson's Report & Recommendation (R&R), which recommends dismissal of Plaintiff's complaint. (Doc. 7-1.)  Plaintiff timely filed an "Opposition to the Defendant's Motion to Dismiss" in response to the magistrate judge's R&R. (Doc. 8.) The Court will construe this pleading as Plaintiff's objection to the magistrate judge's R&R. But after conducting the required *de novo* review,[1] the Court adopts the magistrate judge's recommendation and dismisses Plaintiff's complaint.

*Pro se* pleadings are construed liberally, but a district court cannot assume the role of an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And *pro se* litigants must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

After reviewing the complaint, the R&R, and Plaintiff's objection, the Court agrees with the magistrate judge that this court lacks subject matter jurisdiction and must dismiss Plaintiff's complaint. Plaintiff alleges that Kansas district court Judge

---

[1] "*De novo* review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also,* Fed. R. Civ. P. 72(b)(3).

Laura Miser, while presiding over one or more of Plaintiff's cases in the 5th Judicial District Court of Kansas in Emporia, Kansas, violated Plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the Constitution. He also alleges Judge Miser deprived him of his rights pursuant to 42 U.S.C. § 1983.

But as set forth fully in the R&R, the *Rooker-Feldman* doctrine[2] "prevents federal courts...from exercising jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Graff v. Aberdeen Enterprises, II, Inc.*, 65 F.4th 500, 514 (10th Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine is tied to Congress's decision to vest federal appellate jurisdiction over state court judgments exclusively in the United States Supreme Court. *Graff* at 514.  The Court is mindful, however, that the jurisdictional limitation recognized in *Rooker-Feldman* is narrow. *Id.* at 515. "To apply, a litigant's claim must specifically seek to modify or set aside a state court judgment." *Id.*

While the *Rooker-Feldman* doctrine may indeed divest this Court of jurisdiction in this matter, the conclusory nature of Plaintiff's complaint, which alleges that Judge Miser "began an assault on [Plaintiff's] civil rights" in an alleged series of hearings where Plaintiff was "mocked, belittled" and where Judge Miser "refused to see [Plaintiff's] evidence that [Judge Miser] deemed admissible,"[3] makes the precise application of that doctrine difficult. No matter. A *pro se* litigant's "conclusory

---

[2] The doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (holding lower federal courts lack jurisdiction to reverse or modify state court judgments) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (explaining federal district courts may not review constitutional claims that are inextricably intertwined with state court decisions).
[3] (Doc. 1 at 4.)

allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This Court must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). Here, they do not.

After construing Plaintiff's complaint liberally,[4] the Court adopts the Magistrate Judge's recommendation that Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

For the foregoing reasons, the Court **ADOPTS** the magistrate judge's recommendation and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 1st day of July, 2026, at Topeka, Kansas.

> *s/ Anthony W. Mattivi*
> Anthony W. Mattivi
> United States District Judge

---

[4] *See, Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).